Hillman, J.
On July 1, 1999, the respondent Planning Board of the City of Worcester filed a decision to remove a portion of Abbott Street, formerly a private way in the City of Worcester, from the official map of the City of Worcester under the provisions of G.L.c. 41, Section 8 IF. The petitioners have filed this action as a petition for certiorari, alleging substantial errors of law in the application of G.L.c. 41, Section 8IF, and have moved for judgment on the pleadings. For the reasons stated below, I order that Judgment be entered for the respondent.

BACKGROUND

The petitioners, Weldon Kiigar (“Kiigar”) and Joyce Hanson (“Hanson”), are fifty percent owners of real estate located at 62 Abbott Street in Worcester. On April 7, 1999, Stop and Shop Supermarkets, Inc. (“Stop and Shop”) submitted a petition (“the Petition”) to the City Council of Worcester requesting that Worcester remove portions of Abbott Street and Win- *666 field Street, both private ways, from the official City Map pursuant to G.L.c. 41, Section 8 IF. Abbott Street runs between Chandler Street to the north and Win-field Street to the south. Stop and Shop specifically petitioned for the removal of a portion of Abbott Street, beginning with its intersection with Winfield Street and extending northeasterly 371.72 feet. The petitioners’ property does not abut or front any part of Abbott Street which Stop and Shop petitioned to remove from the official map.
On April 13, 1999, the City Council referred the Petition to the Planning Board of the City of Worcester ("the Planning Board”). On June 9, 1999, the Planning Board held a hearing on the Petition and Kilgar objected to the removal of the portion of Abbott Street. On June 23,1999, the Planning Board voted to remove the portions of Abbott Street and Winfield Streets listed in the Petition. Subsequently, on July 1, 1999, the Planning Board filed its decision granting the Petition with the City of Worcester, City Clerk’s Office.
On July 27, 1999, the petitioners filed a petition for certiorari alleging substantial errors of law in the application of G.L c. 41, Section 8 IF. The petitioners now move this Court for a judgment on the pleadings and ask that this Court reverse the Planning Board’s July 1, 1999 decision removing a portion of Abbott Street from the official map of Worcester.

DISCUSSION

When reviewing a decision under a petition of certiorari, this Court’s review is limited to correcting only what it believes to be substantial errors of law apparent on the record and which adversely affect the petitioners’ material rights. G.L.c. 249, Section 4; FIC Homes of Blackstone, Inc. v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684 (1996), rev. den., 424 Mass. 1104 (1997). G.L.c. 41, Section 81F, provides that ”[a]ny way, which is not a public way, appearing on an official map of a city or town may be modified or removed therefrom by the planning board . . . provided that there is no objection at a public hearing by any person in interest.” The petitioners argue that they are “persons in interest” with respect to the statute and that because Kilgar objected to the Petition at a public hearing, it was an error of law for the Planning Board to decide to remove the portion of Abbott Street from the map.
While G.L.c. 41 does not provide a definition of “person in interest,” a definition of this term can be found elsewhere under Massachusetts law. In St George’s Ebenezer Primative Methodist Church of Methuen v. The Primative Methodist Church of the United States of America, Eastern Conference, 315 Mass. 202 (1943), the court interpreted the definition of “person in interest” with respect to G.L.c. 185, Section 114, which allows a registered owner of land or other person in interest to file a petition for an amendment of a certificate of title.[2] The court stated that, “a person in ‘interest’ must be one who has a proprietary, pecuniary or some other right or interest in the land itself, as distinguished from a claim of a personal nature against the owner of the land.” Id. at 205.
The first part of the definition taken from St. George implies that any pecuniary or other right or interest in the land would be sufficient grounds for anyone to be a “person in interest.” However, the definition goes on to require that a “person in interest” actually have some kind of interest in the land itself and not only a personal claim against the owner of the land. Here, the plaintiffs claim that their property value will decrease and access to their property will be limited by the removal of the portion of Abbott Street.[3] This is not an interest in the land, i.e. the removed portion of the street, but rather a personal claim against Stop and Shop. Once the portions of Abbott Street and Winfield Street have been removed from the map, the plaintiffs’ claims for a right to travel over these private ways, and for any reduction in the value of their property, will be of a personal nature between Stop and Shop and the petitioners.
The petitioners do not even demonstrate any pecuniary or other interest in the removed portion of Abbott Street. While the petitioners may be slightly inconvenienced in traveling to and from their property, this is not a case where the City of Worcester has denied the plaintiffs total access to their property or has acted in any way to reduce the value of their property.[4] If this Court was to adopt the petitioners’ definition of “person in interest,” then every property owner, or anyone else for that matter, could claim to be a “person in interest,” because they were inconvenienced or incurred any expense at all in using alternate travel routes. Only by limiting the definition to abutters to the challenged portion of the private way, can there be a cognizable class of people, with definite and substantial concerns, who should be entitled to the right to veto the petition to remove the street.[5] Moreover, a broad veto power extended to all potential travelers on a city’s streets would take away from the public policy reasons for allowing the city to abandon the streets.[6]

ORDER

For the foregoing reasons, it is hereby ORDERED that judgment enter for the respondent, and that the Planning Board of the City of Worcester’s June 23, 1999 decision removing a portion of Abbott Street from the City’s official map be AFFIRMED.

Both parties in this case rely heavily on the definition provided by St. George.

The petitioners will now have to travel only a few additional city blocks to access their property. The petitioners’ property will still front a portion of Abbott Street which remains on the official map and which can be used to access both the petitioners’ property and alternative travel routes to and from the property.

Inconvenience due to traveling along different city streets to access one's property and street should not alone rise to the level of a pecuniary loss. The only concrete pecuniary interest that the petitioners may be concerned with is that the value of their property may be reduced by the proximity of a supermarket or other store opened by Stop and Shop. However, this is a concern relating to property use and not the removal of the street, and again, is a private claim against Stop and Shop.

Even defining “person in interest” as anyone who lives on a private way which will be partially removed, or as anyone within a certain distance from a removed portion of a private way, creates a large class of persons, some of whom may not suffer any injury except for inconvenience.

The incentive for cities to abandon streets includes avoiding repair and maintenance costs as well as, as shown by this case, the encouragement of construction and business growth.